ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 18 AM 8:33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TROY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-062 |
| ) | |
| Warden JOSE MORALES, Deputy Warden ) | |
| TIM JONES, and Dr. DURO CALEB ) | |
| AJIBADE, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a prisoner currently confined at Johnson State Prison in Wrightsville, Georgia, filed a *pro se* motion for a preliminary injunction and a temporary restraining order on July 13, 2012. (Doc. no. 1.) As noted in a prior Order, however, he did not submit a complaint, nor did he submit request to proceed *in forma pauperis* ("IFP") or pay the $350.00 filing fee. (Doc. no. 2.) The Court warned Plaintiff that under Local Rule 4.1, the commencement of a civil action requires compliance with four criteria, including the presentation of the complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP. (Id.) Accordingly, the Court ordered Plaintiff on July 25, 2012, to file a complaint, and to either pay the $350.00 filing fee or file a motion to proceed IFP, within twenty-one (21) days. (Doc. no. 2.) Plaintiff was cautioned that failure to respond would result in a recommendation to the presiding District Judge that his case be dismissed

without prejudice. (Id.)

When the 21-day period had expired and Plaintiff still had not submitted his complaint, nor paid the filing fee or submitted an IFP motion, the Court issued another Order on August 22, 2012, in which it allowed Plaintiff an additional 14 days in which to submit his complaint and either pay his filing fee or submit an IFP motion. (Doc. no. 3) Also, the Court reiterated its warning that failure to comply with the Court's instruction would result in a recommendation that his case be dismissed without prejudice. (Id.) This 14-day period has now expired, and Plaintiff has neither submitted a complaint, nor paid the filing fee or submitted an IFP motion. Plaintiff has not otherwise responded to the Court's Orders.

As noted above, under the Local Rules of the Southern District of Georgia, failure to comply with the requirements of submitting a complaint and either paying the filing fee or submitting an IFP motion within 21 days of having been notified "may result in dismissal by the Court." Loc. R. 4.1. The Local Rules also dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Additionally, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)); see also Hyler v.

Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, Plaintiff's unresponsiveness, as well as his failure to advise the Court whether he can pay the filing fee or needs to proceed IFP, indicate that monetary sanctions would not suffice in this instance.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 4.1 and 41.1(c), that this case be **DISMISSED** without prejudice, that Plaintiff's motion for a preliminary injunction and temporary restraining order be **DENIED** as **MOOT**, (doc. no. 1), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE